UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORY PORTER,

        Petitioner,

v.

Case No. 8:09-CV-753-T-17TGW

KRISTIN GONZALEZ,

        Respondent.

_____

## REPORT AND RECOMMENDATION

This cause came on to be heard upon Petitioner Cory Porter's Motions for Attorney Fees and Costs (Docs. 27, 29), and the respondent's opposition thereto (Doc. 30). The petitioner seeks an award of attorney's fees and related costs based upon his successful petition for return of a child pursuant to The Convention on the Civil Aspects of International Child Abduction, 42 U.S.C. 11601-11610 (Doc. 25). Because the petitioner has not substantiated the amount of a reasonable attorney's fee and related costs, I recommend that the Motions for Attorney Fees and Costs (Docs. 27, 29) be denied.

I.

On June 24, 2009, District Judge Elizabeth A. Kovachevich adopted my Report and Recommendation in which I recommended that the Verified Petition for Return of Child to Petitioner (Doc. 1) be granted (Doc. 25). The Order dismissed the case (id., p. 3). Thereafter, petitioner's counsel filed two identical motions for attorney's fees (Docs. 27, 29), which were referred to me. The motions do not contain a memorandum of law, in contravention of Local Rule 3.01(a). In all events, the petitioner's request should be denied due to the failure of the petitioner to submit any evidence to substantiate his request for attorney's fees and costs.

II.

The Convention on the Civil Aspects of International Child Abduction, known as the "Hague Convention" or "Convention," which is embodied in the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. 11601-11610, provides for the payment of attorney's fees and costs incurred in civil actions. "Any court ordering the return of a child ... shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner ... unless the respondent establishes that such order would be

clearly inappropriate." 42 U.S.C. 11607(b)(3). Costs under this section include "court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child." Id.

A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). In this calculation, the court should exclude hours that were not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). This "lodestar" may then be adjusted upward or downward based on other considerations. Id.; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). With respect to rates, an applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. Id. at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent

assessment of the value of an attorney's services. Id. at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, supra, 461 U.S. at 433.

III.

The petitioner maintains that he is entitled to an award of attorney's fees and costs, which he claims amounts in this case to approximately $8,625.78 (Doc. 27, p. 2). The respondent disputes this claim on the ground that the petitioner has provided no proof of legal services or costs incurred (Doc. 30).

The petitioner seeks $5,595.78 in legal fees and $3,030 for costs, including "loss of wages, travel, living expenses, room, board, copying, and miscellaneous charges" (Doc. 27, p. 2). However, the petitioner's blanket demand does not identify the hours reasonably expended in the litigation, nor is the motion accompanied by evidence which substantiates the hourly rate or the costs incurred. As the respondent correctly points out, the complete lack of invoices, evidence of lost wages, identification of "miscellaneous expenses," and receipts are insufficient to support the petitioner's motion

(Doc. 30, p. 2). Furthermore, although the title of the motion referred to an "Affidavit in Support," there was no affidavit, and the motion was not verified (Doc. 27).

The respondent's response pointed out the deficiencies in the petitioner's unsubstantiated motion (Doc. 30). Nevertheless, the petitioner failed to attempt to supplement the motion.

Consequently, the request for fees and costs is not supported by any legal argument. Moreover, there is no substantiation for the requested hourly rate. Also, the petitioner has not exposed to scrutiny claimed expenditures of time. Similarly, he has presented no justification for the claimed expenses. In addition, the petitioner did not address the effect of the agreement by the Government of Australia to reimburse the petitioner up to $8,000 (USD) for legal costs and up to $6,000 (AUS) for travel costs (Doc. 27, pp. 25-28).

At the hearing, petitioner's counsel sought to present a billing statement, which appeared to be no more than one page. I rejected the submission as too late (and it also appeared to be too little). In my view, it would be unfair to make the respondent evaluate at the hearing information that she had not previously seen. See Andreas v. Volkswagen of America,

Inc., 336 F.3d 789, 793 (8th Cir. 2003) (the purpose of a written submission is to provide the opposing party "with a meaningful opportunity to respond and the court with enough information to process the motion correctly"). Notably, petitioner's counsel, with commendable candor, acknowledged that it would be unfair to expect the respondent to address newly-submitted information at the hearing.

In addition, in light of the respondent's focus upon the petitioner's lack of substantiation, she had no occasion to argue in support of reducing a fee award. See Rydder v. Rydder, 49 F.3d 369, 373-74 (8th Cir. 1995); see also Hirts v. Hirts, 152 Fed. Appx. 137, 139 (3rd Cir. 2005). The respondent's apparent unemployment and her financial circumstances would have provided a basis for an argument of a reduced award.

IV.

In sum, the petitioner has not set forth either a factual, or legal, basis for his requested award. I therefore recommend that the duplicative Motions for Attorney Fees and Costs (Docs. 27, 29) be denied.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: SEPTEMBER 29, 2009

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).